Richard C. Dalton
Texas Bar No. 24033539
Louisiana Bar No. 23017
California Bar No. 268598
P.O. Box 358
Carencro, Louisiana 70520-0358
rick@rickdalton.law
Tel. (337) 371-0375

# UNITED STATES DISTRICT COURT FOR THE
## CENTRAL DISTRICT OF CALIFORNIA
## EASTERN DIVISION

| | | |
|---|---|---|
| KELLY M. PATTERSON AND NICHOLAS F. PATTERSON | § § § § | CIVIL ACTION NO: |
| *Plaintiffs* | § | |
| v. | § § | |
| JAYCO, INC. AND RICHARDSONS' R.V. CENTERS, INC. | § § § | |
| *Defendants* | § | JURY TRIAL REQUESTED |

## COMPLAINT

### I.  Parties

1.   Plaintiffs, KELLY M. PATTERSON and NICHOLAS F. PATTERSON, are individuals that have now and have been at all times citizens of the state of California.

2.   Defendant, JAYCO, INC., hereinafter "JAYCO," is an Indiana corporation authorized to do and doing business in the State of Indiana with its principal place of business located in the state of Indiana and is a citizen of the state of Indiana and a warrantor of a Recreational Vehicle that Plaintiff purchased and is a merchant in goods of the kind involved in this case.

JAYCO agent for service of process is C T Corporation System, 334 North Senate Avenue, Indianapolis, IN, 46204.

3. Defendant, RICHARDSONS' R.V. CENTERS, INC., hereinafter "RICHARDSONS' R.V. CENTERS," is a California citizen and corporation authorized to do and doing business in the State of California with its principal place of business located in the state of Indiana and is a seller of a recreational vehicle that Plaintiff purchased and is a merchant in goods of the kind involved in this case.

RICHARDSONS' R.V. CENTERS's agent for service of process is Steve Richardson, 10717 Indiana Avenue, Riverside, California 92503.

## II. Jurisdiction

4. This court has jurisdiction over this lawsuit because the suit arises under the Magnuson-Moss Warranty Act pursuant to 15 USC § 2310(d).

This court also has supplemental jurisdiction under 28 USC § 1367 over Plaintiffs's state law claims because said claims are so related to the claims within the Court's original jurisdiction that they form part of the same case or controversy under Article 3 of the United States Constitution.

## III. Venue

5. Venue is proper in this district under 28 U.S.C. §1391(a)(3) because the Defendants are subject to personal jurisdiction in this district and there is no other district where the suit may be brought.

## IV. Conditions Precedent

6. All conditions precedents have been performed or have occurred.

## V. Facts

-2-

### A. The Transaction

7. On or about June 30, 2022, Plaintiffs purchased a new 2022 JAYCO WHITEHAWK 27 RK bearing VIN: 1UJBJ0BRXN14G0300, hereinafter "WHITEHAWK," from RICHARDSONS' R.V. CENTERS.

The "WHITEHAWK" was purchased primarily for Plaintiffs' personal use. The sales contract was presented to Plaintiffs at the dealership and was executed at the dealership.

8. The sales price of the WHITEHAWK was $62,092.61. Civil or Punitive penalties for breach of warranty are recoverable under the Warranty Act, if they are recoverable for breach of warranty under the applicable state law. See ***Hughes v. Segal Enterprises, Inc.*, 627 F. Supp. 1231, 1238 (W.D. Ark. 1986); *Chariton Vet Supply, Inc. v. Moberly Motors Co.*, 2:08CV47MLM, 2009 WL 1011500 (E.D. Mo. Apr. 15, 2009).**

### B. Implied Warranties

9. As a result of the sale of the WHITEHAWK by Defendants to Plaintiffs, an implied warranty of merchantability arose in the transaction which included the guarantee that the WHITEHAWK would pass without objection in the trade under the contract description, and that the WHITEHAWK was fit for the ordinary purpose for which such motor vehicles are purchased.

10. Subsequent to the sale, an implied warranty arose in connection with the repairs performed by the Defendants. Specifically, the Defendants impliedly warranted that the repair work had been performed in a good and workmanlike manner.

### C. Express Warranties

11. In addition to the implied warranties that arose in the transaction, certain representations and express warranties were made, including, that any malfunction in the

WHITEHAWK, occurring during a specified warranty period resulting from defects in material or workmanship would be repaired, and that repair work on the WHITEHAWK had, in fact, repaired the defects.

12.     Plaintiffs' purchase of the WHITEHAWK was accompanied by a two year express warranty offered by the Defendant, JAYCO, and extending to Plaintiffs.  These warranty was part of the basis of the bargain of Plaintiffs's contract for purchase of the WHITEHAWK.

13.     The basic warranty covered any repairs or replacements needed during the two year warranty period due to defects in factory materials or workmanship.  Any required adjustments would also be made during the basic coverage period.  All warranty repairs and adjustments, including parts and labor, were to be made at no charge.  Additional warranties were set forth in the JAYCO's warranty booklet and owners manual.  Also, the Defendant, JAYCO, continued to agree to extended its express warranty with the Plaintiffs to cover defects that were discovered and tendered for repairs during the original factory warranty.

### D.     Actionable Conduct

14.     In fact, when delivered, the WHITEHAWK was defective in materials and workmanship, with such defects being discovered within the warranty periods.  Many defective conditions have occurred since purchase, including, but not limited to, the following in the Plaintiffs's own words:

> "**1.     Foam blocks not installed correctly at slide and caused water to come in. When we drop it off in December and told them that water came into the trailer, they said they would go thru the trailer and fix anything that needed to be fixed.We were told it was ready for pick up in January. Went to pick up and found that the blocks for the slide had not been fixed and then we found that some of the**

-4-

      **cabinet trim was damage by the water. They wrote NOT complete on our work order and created a new work order and ordered parts.**

  **2.**    **Received e-mail from Jacob @ Camping world on February 10th stating that some of the parts have come in and would check with parts dept on the rest. At that time I asked them if they had begun taking about the underside to determine if there was any substrate damage as we were concern about mold. No response. Spoke to Jacob @ Camping World on 3/3/23 and he said they were going thru the trailer and tech was taking his time to make sure that everything was fixed, and it should be ready in a few days. My husband called on 3/7/23 to check in and they said didn't you received a call it was ready last Friday on the 3rd? Same day that Jacob stated they were still going thru it. At that time was told Jacob was no longer in that dept. Went to pick up on March 10th and could still see daylight coming in on one side of the slide in closed position,**

  **3.**    **ANY AND ALL DEFECTS, NON - CONFORMITIES, AND CONDITIONS LISTED ON ANY REPAIR ORDER AND WARRANTY HISTORY;**

  **4.**    **THE WHITEHAWK HAS BEEN OUT OF SERVICE FOR OVER NINETY DAYS."**

15. Since purchase, Plaintiffs have returned their WHITEHAWK to the Defendants and its authorized warranty service dealers for repairs on numerous occasions. Despite this prolonged period during which Defendants were given the opportunity to repair the WHITEHAWK, the more significant and dangerous defects were not repaired. Defendants failed to repair the subject vehicle so as to bring it into conformity with the warranties set forth herein. From the date of its purchase, the WHITEHAWK, continues to this day to exhibit some or all of the non-conformities and/or defects described herein.

16. The defects experienced by Plaintiffs with the WHITEHAWK substantially impaired

its use, value and safety.

17. Plaintiffs directly notified the Defendants of the defective conditions of the WHITEHAWK on numerous occasions.

### VI. Causes of Action

**COUNT 1: VIOLATIONS OF THE SONG-BEVERLY CONSUMER WARRANTY ACT, CIVIL CODE SECTION 1790 ET SEQ.**

18. Plaintiffs re-allege and incorporate by reference as though fully set forth herein each and every allegation contained in the preceding paragraphs.

19. The WHITEHAWK is a consumer good as defined under the Song-Beverly Consumer Warranty Act.

20. Plaintiffs are a "purchaser" of consumer goods as defined under the Song-Beverly Consumer Warranty Act.

21. Defendants, JAYCO and FORD, are a "manufacturer" and "distributor" as defined under the Song-Beverly Consumer Warranty Act.

22. The sale of the vehicle to Plaintiffs was accompanied by an express written warranty.

23. The serious non-conformities have manifested themselves within the applicable express warranty period. The non-conformities substantially impair the use, value and or safety of the vehicle and or can cause serious bodily injury or death.

24. Plaintiffs brought their WHITEHAWK to RICHARDSONS' R.V. CENTERS, an authorized repair facility, for repairs on numerous occasions in attempts to have the existing express warranties satisfied.

25. Defendants have not repaired the non-conformities after a reasonable number of

attempts and, as such, have failed to comply with and have breached all applicable warranty requirements.

26. Further, the sale of the WHITEHAWK to Plaintiffs was accompanied by implied warranties that the vehicle was merchantable and fit for a particular use.

27. Defendants have breached the implied warranties of merchantability and fitness for a particular use because the vehicle when sold would not pass without objection in the trade.

28. Despite their breach of the express and implied warranties, Defendants have refused Plaintiffs' demand for a refund or replacement.

29. By failure of the Defendants to remedy the defects as alleged above, or to issue a refund or replacement, Defendants are in breach of their obligations under the Song-Beverly Consumer Warranty Act.

30. Defendants' continuing breach of their obligations as set forth herein is willful pursuant to the Song-Beverly Consumer Warranty Act and as such, Defendants and each of them are liable to Plaintiffs for civil penalties in an amount as set forth below.

31. Plaintiffs are entitled to recover a sum equal to the aggregate amount of costs and expenses, including attorney's fees, if Plaintiffs prevails. As a proximate result of Defendants' misconduct as alleged herein, and in an effort to protect his rights and to enforce the terms of the agreement as more particularly set forth above, it has become necessary for Plaintiffs to employ the legal services of Richard C. Dalton. Plaintiffs has incurred and continue to incur legal fees, costs and expenses in connection therewith.

**COUNT 2: VIOLATION OF THE MAGNUSON-MOSS WARRANTY ACT**

32. Plaintiffs re-allege and incorporate by reference as though fully set forth herein each and every allegation contained in the preceding paragraphs.

33. Plaintiffs are "consumers" as defined in the Magnuson-Moss Warranty Act (hereinafter "Warranty Act"), 15 U.S.C. § 2301(3).

34. Defendants, JAYCO and RICHARDSONS' R.V. CENTERS, are "suppliers" and "warrantors" as defined in the Warranty Act, 15 U.S.C. § 2310(4) and (5).

35. The WHITEHAWK is a "consumer product" as defined in the Warranty Act, 15 U.S.C. § 2301(l), because it is normally used for personal purposes and Plaintiffs in fact purchased it wholly or primarily for personal use.

36. The express warranties more fully described herein above pertaining to the WHITEHAWK, is a "written warranty" as defined in the Warranty Act, 15 U.S.C. § 2301(6).

37. The actions of the Defendants as herein above described, in failing to tender the WHITEHAWK to Plaintiffs free of defects and/or refusing to repair and/or replace the defective WHITEHAWK tendered to Plaintiffs constitute a breach of the written and implied warranties covering the WHITEHAWK and hence a violation of the Magnuson-Moss Warranty Act.

38. Plaintiffs have performed all things agreed to and required of them under the purchase agreement and warranty, except as may have been excused or prevented by the conduct of Defendants as herein alleged.

39. As a direct and proximate result of the acts and omissions of Defendants and each of them as set forth herein above, Plaintiffs have been damaged herein above in an amount in excess of $300,000.00 according to proof at trial.

40. Pursuant to the Magnuson-Moss Warranty Act, 15 U.S.C. § 2310(d)(2), Plaintiffs are

entitled to recover as part of the judgment, costs and expenses of the suit including attorney's fees based on actual time expended. As a proximate result of the misconduct of Defendants as alleged herein, and in an effort to protect their rights and to enforce the terms of the agreement as more particularly set forth above, it has become necessary for Plaintiffs to employ the legal services of Richard C. Dalton. Plaintiffs have incurred and continue to incur legal fees, costs and expenses in connection therewith.

**COUNT 3:   BREACH OF EXPRESS WARRANTIES**

41. Plaintiffs re-allege and incorporate by reference as though fully set forth herein each and every allegation contained in the preceding paragraphs.

42. Th Defendants' advertisements and statements in written promotional and other materials contained broad claims amounting to a warranty that Plaintiffs' WHITEHAWK or those similarly situated were free from inherent risk of failure or latent defects. In addition, the Defendants issued an expressed written warranty which covered the WHITEHAWK and warranted that the WHITEHAWK, was free of defects in materials and work quality at the time of delivery.

43. As alleged above, the Defendants breached its warranties by offering for sale and selling as safe to Plaintiffs a WHITEHAWK that was latently defective, unsafe, and likely to cause economic loss to Plaintiffs.

44. In breach of the foregoing warranties, the Defendants have failed to correct said defects.

45. The damages Plaintiffs have suffered are a direct and proximate result of Defendants' actions in this matter include, but are not limited to, diminution in value of the vehicle; costs of repairs; expenses associated with returning the vehicle for repeated repair attempts; loss of wages;

loss of use; damages; and attorney fees.

## COUNT 4:   BREACH OF IMPLIED WARRANTIES

46. Plaintiffs re-allege and incorporate by reference as though fully set forth herein each and every allegation contained in the preceding paragraphs.

47. The Defendants impliedly warranted that Plaintiffs' WHITEHAWK which it designed, manufactured, and sold, were merchantable and fit and safe for their ordinary use, not otherwise injurious to consumers, and would come with adequate safety warnings.

48. Any purported limitation of the duration of the implied warranties contained in the written warranties given by Defendants is unreasonable and unconscionable and void under the principles of estoppel, because Defendants knew the defects existed and might not be discovered, if at all, until the WHITEHAWK, had been driven for a period longer than the period of the written warranty, and Defendants willfully withheld information about the defects from Plaintiffs.

49. Because of the defects, Plaintiffs' WHITEHAWK is unsafe and unfit for use and has caused economic loss to the Plaintiffs. Therefore, the Defendants breached the implied warranty of merchantability.

50. The damages Plaintiffs have suffered are a direct and proximate result of Defendants' actions in this matter include, but are not limited to, diminution in value of the vehicle; costs of repairs; expenses associated with returning the vehicle for repeated repair attempts; loss of wages; loss of use; damages; and attorney fees.

## COUNT 5:   BREACH OF CONTRACT

51. Plaintiffs re-allege and incorporate herein by reference each and every allegation set forth in the preceding paragraphs.

52. Plaintiffs would show that the actions and/or omissions of Defendants described herein above constitute breach of the sales contract, which proximately caused the direct and consequential damages to Plaintiffs described herein below, and for which Plaintiffs hereby sues.

53. The damages Plaintiffs have suffered are a direct and proximate result of Defendants' actions in this matter include, but are not limited to, diminution in value of the vehicle; costs of repairs; expenses associated with returning the vehicle for repeated repair attempts; loss of wages; loss of use; damages; and attorney fees.

### VII. Economic and Actual Damages

54. Plaintiffs sustained the following economic and actual damages as a result of the actions and/or omissions of Defendants described herein above:

   a.. Out of pocket expenses, including but not limited to the money paid towards the note securing the vehicle;

   b. Loss of use;

   c. Loss of the "benefit of the bargain";

   d. Diminished or reduced market value; and

   e. Costs of repairs.

### VIII. Request for Rescission

55. Plaintiffs seek the remedy of rescission of the sales contract which is requested in the following paragraph.

56. Plaintiffs revoke their acceptance of the WHITEHAWK for the reason that its defects substantially impair its value to Plaintiffs and acceptance was based on Plaintiffs' reasonable reliance on the false representations and warranties of Defendants that the defects in WHITEHAWK would

be repaired. Accordingly, Plaintiffs seek a cancellation of the purchase transaction and an order of the court restoring to them the money obtained by Defendants as a result of the false representations and breaches of warranty set forth above. Plaintiffs also seek cancellation of the debt and now offers to return the WHITEHAWK to Defendants.

### IX. Multiple Damages

57. The Defendants' conduct in violation of the Song-Beverly Consumer Warranty Act, Civil Code Section 1794, et seq, entitle Plaintiffs to an award for civil penalties and multiple damages.

58. Plaintiffs have rightfully rejected or justifiably revoked acceptance of the goods and/or has exercised his right to cancel the sale pursuant to Sections 2711, 2712, and 2713 of the Commercial Code.

59. Plaintiffs had previously accepted the goods, and, therefore, Sections 2714 and 2715 of the Commercial Code shall apply, and the measure of damages shall include the cost of repairs necessary to make the goods conform.

60. The Defendants' failure to comply was willful and, therefore, the judgment should include, in addition to the amounts recovered, a civil penalty which shall not exceed two times the amount of actual damages.

### X. Attorney Fees and Costs

61. Plaintiffs are entitled to recover as part of the judgment, costs and expenses of the suit including attorney's fees based on actual time expended. As a proximate result of the misconduct of Defendants as alleged herein, and in an effort to protect their rights and to enforce the terms of the agreement as more particularly set forth above, it has become necessary for Plaintiffs to employ

the legal services of Richard C. Dalton. Plaintiffs have incurred and continue to incur legal fees, costs and expenses in connection therewith.

## XI. Prayer

62. For these reasons, Plaintiffs pray for judgment against the Defendants for the following:

    a.    For general, special and actual damages according to proof at trial;

    b.    Rescinding the sale of the 2022 JAYCO WHITEHAWK 27 RK bearing VIN 1UJBJ0BRXN14G0300 and returning to Plaintiffs the purchase price including all collateral costs at the time of the sale, any and all finance charges, insurance premiums, maintenance costs, repair costs, and damages;

    c.    For incidental and consequential damages according to proof at trial;

    d.    Out of pocket damages for expenditures related to any cost of repairs, deductibles; and towing charges.

    e.    Any diminution in value of the WHITEHAWK, attributable to the defects;

    f.    Past and future economic losses;

    g.    Prejudgment and post-judgment interest;

    h.    Damages for loss of use of vehicle;

    i.    Civil Penalties and/or Punitive damages;

    j.    Damages for mental anguish;

    k.    Attorney fees;

    l.    Costs of suit, expert fees and litigation expenses; and

    m    All other relief this Honorable Court deems appropriate.

## XII. Demand for Jury Trial

63. Plaintiffs hereby demand a trial by jury to the extent authorized by law.

RESPECTFULLY SUBMITTED:

BY: /s/ *Richard C. Dalton*
Richard C. Dalton
Texas Bar No. 24033539
Louisiana Bar No. 23017
California Bar No. 268598
P.O. Box 358
Carencro, Louisiana 70520-0358
rick@rickdalton.law
Tel. (337) 371-0375

ATTORNEY FOR PLAINTIFFS